UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DONALD MILLS,

                Petitioner,

    -against-                                     9:18-CV-1379 (LEK/ATB)

S. CRONIN, Superintendent

                Respondent.

## DECISION AND ORDER

### I. INTRODUCTION

On October 18, 2018, Donald Mills filed a 28 U.S.C. § 2254 petition before the District Court for the Western District of New York, seeking a writ of habeas corpus and attaching various state court records. Dkt. No. 1 ("Petition"). Petitioner also paid the statutory filing fee. Docket. On November 29, 2018, the case was transferred to this Court. Dkt. No. 3. For the reasons that follow, this action is dismissed without prejudice.

### II. BACKGROUND

Petitioner challenges his June 30, 2017 conviction in Onondaga County, upon a jury verdict, of third degree criminal possession of a controlled substance. Pet. at 1.[1] Petitioner "filed a notice of appeal" in state court, but "has yet to perfect it." Id. at 40–41. Petitioner explains that his "[d]irect [a]ppeal . . . is not perfected as of yet, due to an attorney [not being] assigned to the appeal." Id. at 2, 28. Petitioner notes that the "Hiscock Legal Aid Society is the law firm who's responsible for assigning attorneys," and contends that it has failed in its duty to do so. Id. at 28.

---

[1] The cited page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

Accordingly "[t]he [c]onstitution[al] [v]iolations [Petitioner is] claiming were never argued at trial nor presented on the record; [a]nd were not preserved for appellate review." Id.

Meanwhile Petitioner also filed in state court a pro se motion to vacate his convictions pursuant to New York Criminal Procedure Law ("CPL") § 440.10. Pet. at 3, 40–42. In it, Petitioner argued that his "[r]ight to confront and cross-examine [his] accuser" was violated when the prosecution refused to disclose the identify of the confidential informant, upon whose testimony Petitioner was convicted. Id. at 3, 41–42. The Supreme Court, Onondaga County, denied the § 440.10 motion as "procedurally barred because it involve[d] matters of record that may be raised on direct appeal, and [Petitioner] is in the process of perfecting his appeal." Id. at 4–5, 41. On June 28, 2018, the New York State Appellate Division, Fourth Department, denied Petitioner's request for leave to appeal the § 440.10 motion decision, and, on October 3, 2018, the New York State Court of Appeals denied Petitioner's request for leave to appeal. Id. at 5, 40–42, 44–45.

Petitioner argues that he is entitled to habeas relief because (1) he was denied his constitutional right under the Confrontation Clause to confront and cross-examine his accuser, id. at 8–9, 15–21; and (2) the prosecution refused to "disclose[] exculpatory material in their control that c[ould have] affect[ed] the fairness of [the] trial," id. at 9–10, 21–27.

## III. LEGAL STANDARD

An application for a writ of habeas corpus may not be granted until a Petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." § 2254 (b)(1)(A)–(B). The exhaustion requirement "is principally

2

designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Jimenez v. Walker, 458 F.3d 130, 148–49 (2d Cir. 2006) (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations omitted). In other words, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. Petitioner must also use the proper procedural vehicle so that the state court may pass on the merits of his claims. Dean v. Smith, 753 F.2d 239, 241 (2d Cir. 1985).

## IV. DISCUSSION

Here, the Petition reveals that Petitioner has not yet received final adjudication of his direct appeal, thought that appeal seems to have been successfully commenced with the timely filing of a notice of appeal. Pet. at 40–41. Nothing in the Petition suggests that any state court has decided his claims on direct appeal, much less that the highest capable state court has done so.

Petitioner nevertheless argues that he has already successfully exhausted through the final adjudication of his § 440.10 motion. Pet. at 28. But Petitioner's contentions are unavailing. A petitioner seeking federal habeas review must utilize the appropriate state-provided procedural

3

vehicles to exhaust his claims. Dean, 753 F.2d at 241. And if a state court record is sufficient to allow direct appellate review of an particular issue, then it must be raised in a direct appeal, and not in a separate § 440.10 motion. Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997) ("New York's Criminal Procedure Law mandates that the state court deny any [collateral attack] where the [petitioner] unjustifiably failed to argue such constitutional violation on direct appeal despite a sufficient record."). Although Petitioner's § 440.10 motion raised the issues on which he now seeks habeas review—his Confrontation Clause argument, Pet. at 2–3, and the withheld evidence issue, id. at 21–24, 40–42—the state court record was sufficient to permit direct appellate review of those arguments. See id. at 41 (noting that state record included a hearing regarding the necessity of disclosing the confidential informant's identity); see also Bogan v. Bradt, No. 11-CV-1550, 2017 WL 2913465, at *7 (E.D.N.Y. July 6, 2017) (holding that a petitioner's Confrontation Clause claim should have been raised on direct appeal in state court rather than via § 440.10). Accordingly, to properly exhaust these issues, Petitioner must raise them via direct appeal, not § 440.10 motion. And as Petitioner is still perfecting his direct appeal, these issues have not yet been exhausted.

Nor is there reason for the Court to conclude that there is an absence of state corrective process available to Petitioner or that circumstances exist that would render that state court process ineffective to protect Petitioner's rights. § 2254(b)(1). Petitioner has state court remedies available to him, and, by his own account, he is in the process of exhausting those remedies by pursuing his appeal through the Legal Aid Society. Though Petitioner appears to contend that the Legal Aid Society's failure to appoint him counsel renders that process futile, the Court disagrees.

Futility exists only "when there is a 'complete absence of a mechanism for correction of the alleged unconstitutional violation' or the petitioner is 'precluded by an unconscionable breakdown from using the process that exists.'" Jordan v. Bailey, 985 F. Supp. 2d 431, 437 (S.D.N.Y. 2013), aff'd, 570 F. App'x 42 (2d Cir. 2014) (summary order) (quoting Francis S. v. Stone, 995 F. Supp. 368, 380 (S.D.N.Y. 1998)). "In other words, there must be *no opportunity* to obtain redress in state court or the state process must be *so clearly deficient* as to render *futile* any effort to obtain relief." Jumpp v. Cournoyer, No. 15-CV-892, 2016 WL 3647146, at *3 (D. Conn. June 30, 2016) (citing Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam)). District courts apprised of factual circumstances similar to Petitioner's have found that, while any sort of

> delay in the perfection of petitioner's appeal is, indeed, most unfortunate, the circumstances are not like those in the cases which the federal courts have found an absence of available corrective process in the state system. Noticeably absent from the record petitioner has submitted . . . is any evidence of any communication by which he has alerted the Appellate Division to the problem he is encountering and sought its help. . . . The Appellate Division can hardly be faulted for not taking action on petitioner's behalf when it has no reason to believe petitioner is unhappy . . . and wishes to have any action taken. There is no reason to believe that there is an absence of available procedure in the state court to justify petitioner's nonexhaustion in the state court when he has not yet given the state court any opportunity to remedy his situation.

Higgins v. Kuhlmann, 89-CV-4875, 1990 WL 132494, at *3 (S.D.N.Y. Sept. 7, 1990).

Accordingly, there is no basis to conclude that Petitioner was precluded from exercising the process provided to protect his rights in state court. That state court remedy is not rendered futile merely because Petitioner's case has not advanced at the pace he desired.

Based on the foregoing, the Petition is dismissed without prejudice to renewal once Petitioner has pursued and exhausted all the claims he wants to raise in the state courts. See

5

Diguglielmo v. Senkowski, 42 F. App'x. 492, 496 (2d Cir. 2002) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address [petitioner's] federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss [his] petition without prejudice. This will allow petitioner to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted).[2]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition (Dkt. No. 1) is **DISMISSED without prejudice**; and it is further

**ORDERED**, that no certificate of appealability ("COA") shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).[3] Any further request for a COA must be addressed to the

---

[2] The Court notes that, if Petitioner's claims are unsuccessful in state court, a subsequent habeas petition would not run afoul of the "second or successive petition" limitations, because this Petition is being dismissed for failure to exhaust and not on the merits. Burton v. Stewart, 549 U.S. 147, 155 (2007) (per curiam) (citing Slack v. McDaniel, 529 U.S. 473, 478 (2000)). Further, under the Antiterrorism and Effective Death Penalty Act, habeas petitions challenging a state-court conviction are subject to a one-year statute of limitations; the one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. § 2244(d)(1)(A). When petitioners do not seek certiorari in the United States Supreme Court, a state conviction becomes final ninety days after the New York Court of Appeals denied leave to appeal. Gonzales v. Thaler, 565 U.S. 134, 148–49 (2012).

[3] See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'").

Court of Appeals, in accordance with Rule 22(b) of the Federal Rules of Appellate Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on Petitioner in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   December 14, 2018
         Albany, New York

Lawrence E. Kahn
U.S. District Judge